IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

WILLIAM D. Jr.,                          :                    CIVIL ACTION
                    Plaintiff           :
          v.                            :
                                        :
FRANK BISIGNANO,                        :
Commissioner of the Social Security     :
Administration,                         :
                    Defendant           :                    NO.  25-5563

**MEMORANDUM**

CAROL SANDRA MOORE WELLS
UNITED STATES MAGISTRATE JUDGE                               March 23, 2026

William D. Jr. ("Plaintiff") seeks judicial review, pursuant to 42 U.S.C. § 405(g), of the

final decision of the Commissioner of the Social Security Administration ("the Commissioner"),

denying his claim for Disability Insurance Benefits ("DIB") under Title II of the Social Security

Act.  Plaintiff has filed a brief in support of his request for review, and the Commissioner has

responded to it.  For the reasons set forth below, Plaintiff's request for review is denied.

**I.     PROCEDURAL HISTORY**[1]

On August 31, 2023, Plaintiff applied for DIB, alleging that his disability commenced on

August 4, 2020.  R. 17.  His claim was denied initially and upon reconsideration.  *Id.*  Hence, he

requested an administrative hearing.  *Id.*  On January 21, 2025, Plaintiff appeared for a video

hearing, before Regina L. Warren, Administrative Law Judge ("the ALJ"); Plaintiff, represented

by an attorney and vocational expert Tricia Muth, ("the VE"), testified at the hearing.  R. 43-68.

On February 14, 2025, the ALJ, using the sequential evaluation process ("SEP") for disability,[2]

---

[1] The court has reviewed and considered the following documents in analyzing this case:  Plaintiff's Brief and Statement of Issues in Support of  Request for Review ("Pl. Br."), the Defendant's Response to Request for Review of Plaintiff ("Resp."), Plaintiff's Reply Brief ("Reply"), and the administrative record.  ("R.").

[2] The Social Security Regulations provide the following five-step sequential evaluation for determining whether an adult claimant is disabled:

issued an unfavorable decision.  R. 17-30.  Plaintiff presently seeks judicial review; the parties have consented to this court's jurisdiction, pursuant to 28 U.S.C. § 636(c)(1).

## II.    FACTUAL BACKGROUND

A.    <u>Personal History</u>

Plaintiff worked as a chef for many years.  He testified that his hand problems have made it impossible for him to continue in that profession.  R. 60.

B.    <u>Plaintiff's Testimony</u>

At the January 21, 2025 administrative hearing, Plaintiff testified about his limitations, which primarily involve both hands.[3]  R. 43-61.  His Dupuytren's contractures have worsened over the years, preventing him from working.  R. 43, 60.  Plaintiff has undergone surgery on both hands, his left first; he is right-handed.  R. 47-48.  Despite surgery, Plaintiff can no longer grip with his dominant hand.  R. 53.  Repetitive hand motion causes pain and locking of his fingers bilaterally.  R. 59.  On a good day, Plaintiff's hand pain is three out of ten; on a bad day, it is eight to nine out of ten.  R. 56.  He stated that he has no problems with sustained standing, walking or sitting.  R.

---

1. If the claimant is working, doing substantial gainful activity, a finding of not disabled is directed.  Otherwise proceed to Step 2.  *See* 20 C.F.R. § 404.1520(b).

2. If the claimant is found not to have a severe impairment which significantly limits his physical or mental ability to do basic work activity, a finding of not disabled is directed.  Otherwise proceed to Step 3.  *See* 20 C.F.R. § 404.1520(c).

3. If the claimant's impairment meets or equals criteria for a listed impairment or impairments in Appendix 1 of Subpart P of Part 404 of 20 C.F.R., a finding of disabled is directed.  Otherwise proceed to Step 4.  *See* 20 C.F.R. § 404.1520(d).

4. If the claimant retains the residual functional capacity to perform past relevant work, a finding of not disabled is directed.  Otherwise proceed to Step 5.  *See* 20 C.F.R. § 404.1520(f).

5. The Commissioner will determine whether, given the claimant's residual functional capacity, age, education, and past work experience in conjunction with criteria listed in Appendix 2, she is or is not disabled.  *See* 20 C.F.R. § 404.1520(g).

[3] The ALJ did not ask Plaintiff to limit his testimony to his condition as of his date last insured.

51-52.

C.    <u>Vocational Testimony</u>

The VE characterized Plaintiff's past chef job as skilled[4] work typically performed at the light level[5] but performed by him at the medium[6] level.  R. 64.  The ALJ asked the VE to consider a person having Plaintiff's age, education and work experience, capable of light work, with the following restrictions:  able to stand and walk for 6 hours, sit for 6 hours; able to frequently push and pull with the bilateral upper and lower extremities; capable of frequent overhead reaching, grasping, fine fingering, and feeling with the bilateral upper extremities; capable of occasional crawling; incapable of climbing ladders, ropes, or scaffolds; and needing to avoid exposure to cold, vibration, unprotected heights, and hazards.  R. 64-65.  The VE responded that this individual could perform Plaintiff's past work, as is typically performed.  R. 65.  The VE also identified other jobs this person could perform.  R. 65.  The ALJ then asked the VE to consider the same individual with the following distinct limitations:  unable to push and pull with the upper extremities; frequently able to push and pull with the lower extremities; occasionally able to use the upper extremities for reaching in all directions, including overhead and for grasping, fine fingering and feeling.  R. 66.  The VE opined that this person could not perform Plaintiff's past work or any other work.  R. 66.

### III.    THE ALJ's FINDINGS

In his decision, the ALJ issued the following findings:

1.    [Plaintiff] last met the insured status requirements of the

---

[4] "Skilled work requires qualifications in which a person uses judgment to determine the machine and manual operations to be performed in order to obtain the proper form, quality, or quantity of material to be produced.  … Other skilled jobs may require dealing with people, facts, or figures or abstract ideas at a high level of complexity."  20 C.F.R. § 404.1568(c).

[5] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds."  20 C.F.R. § 404.1567(b).

[6] "Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds."  20 C.F.R. § 404.1567(c).

Social Security Act on March 31, 2023.

2. [Plaintiff] did not engage in substantial gainful activity during the period from his alleged onset date of August 4, 2020 though his date last insured of March 31, 2023 (20 CFR 404.1571 *et seq.*).

3. Through the date last insured, [Plaintiff] has Dupuytren's contractures and Peyronie's disease as severe impairments (20 CFR 404.1520(c)).

4. Through the date last insured, [Plaintiff] did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526)

5. After careful consideration of the entire record, I find that, through the date last insured, [Plaintiff] had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except: can stand and walk 6 hours; sit 6 hours; frequent pushing and pulling with the bilateral upper and lower extremities; frequent overhead reaching, grasping, fine fingering, and feeling with the bilateral upper extremities; occasional crawling; no climbing ladders, ropes, or scaffolds; and avoiding exposure to cold, vibration, unprotected heights, and hazards.

6. Through the date last insured, [Plaintiff] was capable of generally performing past relevant work as a chef. This work did not require the performance of work-related activities precluded by [his] residual functional capacity (20 CFR 404.1565).

7. [Plaintiff] was not under a disability, as defined in the Social Security Act, at any time from August 4, 2020, the alleged onset date, through March 31, 2023, the date last insured (20 CFR 404.1520(f)).

R. 19-20, 25-26.

## IV. DISCUSSION

A. <u>Standard of Review</u>

Judicial review of the Commissioner's final decision is as follows. The Commissioner's

4

findings of fact will not be disturbed if they are supported by substantial evidence. *Poulos v. Comm'r of Soc. Sec.*, 474 F.3d 88, 91 (3d Cir. 2007); *Schaudeck v. Comm'r of Soc. Sec. Admin.*, 181 F.3d 429, 431 (3d Cir. 1999). Substantial evidence is not "a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (internal quotation omitted). While it is more than a mere scintilla of evidence, *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019), it may amount to less than an evidentiary preponderance. *Fargnoli v. Massanari*, 247 F.3d 34, 38 (3d Cir. 2001); *Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988). Overall, this test is deferential to the ALJ, and the court should affirm the ALJ's findings of fact that are supported by substantial evidence, even when the court, acting *de novo,* might have reached a different conclusion. *Monsour Medical Center v. Heckler*, 806 F.2d 1185, 1190-91 (3d Cir. 1986), *cert. denied*, 482 U.S. 905 (1987). Indeed, the court is not permitted to weigh the record evidence itself. *Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005). By contrast, the Commissioner's legal conclusions are subject to *de novo* review. *Poulos*, 474 F.3d at 91; *Schaudeck*, 181 F.3d at 431.

B.     Burden of Proof in Disability Proceedings

To be found "disabled" under the Act, Plaintiff must carry the initial burden of demonstrating that he is unable to engage in "any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1505(a). Plaintiff may establish a disability through: (1) medical evidence meeting one or more of the serious impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1; or (2) proof that the impairment is severe enough that Plaintiff cannot engage in any type of "substantial gainful work which exists in the national economy." *Heckler v. Campbell*, 461 U.S. 458, 460

(1983); 42 U.S.C. § 423(d)(2)(A).

Under the first method, Plaintiff is considered *per se* disabled by meeting one of the "listed" impairments. *Heckler*, 461 U.S. at 460. Under the second method, Plaintiff must initially demonstrate that a medically determinable impairment prevents him from returning to his past employment. *See Brown*, 845 F.2d at 1214. If Plaintiff proves that his impairment results in functional limitations to performing his past relevant work, then the burden of proof shifts to the Commissioner to prove that work does in fact exist in the national economy which Plaintiff can perform given his age, education, work experience and residual functional capacity. *See Hess v. Comm'r Soc. Sec.*, 931 F.3d 198, 201 (3d Cir. 2019); *Poulos,* 474 F.3d at 92.

C.      Review of the Administrative Law Judge's Decision

Applying the sequential evaluation process, the ALJ determined that Plaintiff could perform his past relevant work, and, hence, was not disabled. R. 17-27. Plaintiff disputes the ALJ's decision, arguing that the ALJ: (1) failed to reasonably assess the opinions of his treating surgeon, Dr. A. Lee Osterman; and (2) failed to allow Plaintiff to file a post-hearing brief concerning the application of Social Security Ruling ("SSR") 24-3p. Pl. Br. at 5-7. The Commissioner denies Plaintiff's arguments. Resp. at 1-9. The court finds that Plaintiff's arguments lack merit.

1.  Dr. Osterman

Plaintiff asserts that the ALJ could not assess the opinions of Dr. Osterman and that, when doing so, the ALJ erred. Pl. Br. at 5-7. This assertion lacks merit.

First, an ALJ is required to evaluate medical opinions. 20 C.F.R. § 404.1520c(a). Hence, the ALJ was entitled to assess the persuasiveness of any medical opinion in the record when she evaluated Plaintiff's residual functional capacity ("RFC").

6

Next, Plaintiff fails to cite any of Dr. Osterman's specific opinions or identify where in the record they could be found.  This court has no duty to search through the record for Plaintiff, who is represented by an attorney.

Finally, the ALJ was allowed to accept the opinions of Drs. Linda Myers and Edith Hooper, because he applied the governing regulations, which Plaintiff fails to cite, and found the doctors' opinions persuasive.  R. 25.  That is, she found them persuasive, because these doctors' opinions were supported and consistent with other evidence in the record.  *Id.*  The regulations require this approach.  20 C.F.R. § 404.1520c(b)(2).  In short, there is no basis to find ALJ error.

2.  Post-Hearing Briefing Concerning SSR 24-3p

Next, Plaintiff asserts that the ALJ erred because she refused his request to file a post-hearing brief to address possible erosion of the job base the VE identified at the hearing; he further asserts that SSR 24-3p indicates that the ALJ should have allowed this request.  Pl. Br. at 7.  This unsupported argument lacks merit.[7]

SSR 24-3p rescinds and replaces SSR 00-4p and addresses how a VE can provide evidence concerning the number of available jobs.  One aspect of the new ruling is eliminating SSR 00-4p's requirement that a VE's testimony be consistent with the Dictionary of Occupational Titles ("DOT").  SSR 24-3p, 2024 WL 5256890, *2.  The new ruling also explains that VEs are in the best position to decide what sources to use to estimate the number of available jobs.  *Id.* at *4.  If the sources a VE uses describe jobs in a manner different from the DOT, or other traditional sources, the VE is expected to inform the ALJ of the discrepancy.  *Id.*  As pertinent herein, the ruling also states that, when a claimant is represented at the hearing, it is expected that the representative will pose appropriate questions **at the hearing** to assist the ALJ.  *Id.*  The ruling

---

[7] Plaintiff cites no case law to support his assertion that the ALJ had a duty to allow him to file a post-hearing brief. *See* Pl. Br. at 7.

makes no mention of post-hearing briefing. *Id.*

Plaintiff was represented by an attorney at the hearing. After the VE completed her testimony, Plaintiff's attorney requested the opportunity to file a post-hearing brief to challenge the VE's testimony about the number of jobs available in response to the first hypothetical question. R. 69. Instead, the ALJ suggested that Plaintiff question the VE to challenge the number of jobs. R. 69. After considering that option, Plaintiff's attorney declined to pose additional questions. R. 70.

SSR 24-3p places no requirement on the ALJ to allow a claimant to file a post-hearing brief in order to challenge the VE's testimony about the number of available jobs. Instead, the ruling states the expectation that a claimant's representative will develop such testimony at the hearing by questioning the VE. SSR 24-3p, 2024 WL 5256890, *4. The ALJ provided Plaintiff's attorney with this opportunity at the hearing, R. 69, and Plaintiff's attorney declined. R. 70. Inasmuch as the ALJ complied with the plain text of SSR 24-3p, there is no basis to find error.

Implementing and judgment orders follow.